LEVI et al. v. PICKERING et al.

(Court of Civil Appeals of Texas. Dec. 14, 1910. Rehearing Denied Jan. 25, 1911.)

USE AND OCCUPATION (§ 8*) — ACTIONS — PLEADING—SUFFICIENCY OF PETITION.

In an action for the use of three buildings on a farm, based on an implied contract from a notice to defendants requiring them to remove their property from such buildings by a certain time on pain of being charged storage, the petition alleging that plaintiff owned the farm, including three buildings, that defendants had exclusive possession of the buildings for storage of their machinery during a stated period, and that the sum claimed per month was a reasonable charge for the use of such buildings, stated a cause of action for recovery of the reasonable value of defendants' use of the three buildings or any of them, though no recovery could be had thereunder on an implied contract to pay for use of the three buildings, based on the notice, where the evidence showed that the notice actually given required defendants to move their property from the barn on the farm, and not from the three buildings.

[Ed. Note.—For other cases, see Use and Occupation, Dec. Dig. § 8.*]

Appeal from Victoria County Court; J. P. Pool, Judge.

Action by G. A. Levi and others against J. M. Pickering and others. There was a directed verdict for defendants, and plaintiffs appeal. Reversed and remanded.

C. F. Carsner, for appellants. Fly & Daniel, for appellees.

JAMES, C. J. The amended petition upon which this case was tried alleged that appellants were the owners of a certain tract of land, the Victoria rice and irrigation farm, and the improvements thereon; that prior to and on May 1, 1905, defendants (appellees) had possession of three buildings thereon, and had stored therein one thresher, three binders, one engine, one oil wagon, and other machinery and farm implements; that prior to said date, to wit, on April 27, 1905, appellants, through their attorneys, notified defendants in writing to remove their property from said premises and buildings by May 1, 1905, otherwise they would be charged for the use of said buildings for storing their said property at the rate of $15 per month, the said amount per month being a reasonable charge for the use of said buildings by defendants; that they failed to

remove same, and continued to keep possession and control of said buildings and kept said machinery stored therein from May 1, 1905, to September 20, 1906, thereby accepting appellants' terms and by implication agreed to pay the price fixed by said notice; that on September 20, 1906, defendants removed their said property from said buildings, and have failed and refused to pay plaintiffs the sum of $250 due as aforesaid, or any part thereof, and prayed for judgment for said sum.

The cause of action stated in this pleading was an implied contract claimed to have existed by reason of the written notice given defendants to pay $15 per month for the use of three buildings from and after May 1, 1905, and the terms of such implied contract as alleged were in accordance with the notice, which notice was therefore the foundation of this action. At the trial the notice proved was as follows: "Mess. Pickering & Buehler, Victoria, Texas—Gentlemen: I am instructed by Mess'rs A. Levi & Co. to notify you that you must remove your property, implements etc., from the barn on the rice farm on or before the first day of May, 1905, otherwise you will be charged storage on same at the rate of $15.00 per month." At the close of the testimony, upon motion of defendants to direct a verdict for them, the court did so upon the ground of variance, in this: That the notice alleged was that defendants "must prior to May 1st, 1905, remove their property, implements, etc., from the premises and buildings, otherwise they would be charged for the use of said buildings for storing their property at the rate of $15.00 per month," and the evidence "showed that said notice so sent and upon which the implied contract is based notified defendants that unless they removed their property, implements, etc., from the barn on the rice farm on or before May 1, 1905, they would be charged storage on same at the rate of $15.00 per month."

Clearly the petition sued for $15 per month for the use of three buildings on the place, by virtue of a contract impliedly entered into, based on a notice that said rate would be charged for the use of the three buildings, and upon the fact that defendants acquiesced in said terms after May 1st by continuing to use the three buildings. There was no such notice as alleged; the notice given being confined to one building. Consequently there was no contract shown to pay $15 per month for three buildings, as alleged, and the proof failed to support the allegations of the petition as to the contract. But the petition does allege that plaintiffs were owners of the farm including three buildings, that from May 1, 1905, to September 20, 1906, defendants had exclusive possession and control of same for storage of their machinery during that time, and that the sum claimed, $15

per month, was a reasonable charge for the use of same by the defendants. These allegations were sufficient to state a case for the recovery of the reasonable value of defendants' use of the three houses or any of them.

The testimony indicates that defendants were tenants upon the farm, occupying several houses in some portion of the farm; that during their tenancy appellants acquired title to the farm under a mortgage sale; that all other tenants vacated the farm, but that defendants did not do so entirely, keeping their machinery in a shed on the place that had been occupied by them, notwithstanding notice to them to vacate the premises by removing all their remaining effects off.

We think the objections to the testimony of the witness Hexter as to reasonable value of the use of the buildings not well taken. They went more to the weight than to the admissibility of his testimony.

Reversed and remanded.